AJ 15106290.1.5-188

U.S. District Court
Wisconsin Eastern
OCT 22 2026
FILED
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

**THERESA GARNER**,

*Plaintiff*,

v.

**CITY OF MILWAUKEE**, a municipal corporation;

**COMMISSIONER JEZAMIL ARROYO-VEGA**, in her individual and official capacity;

**SUPERINTENDENT PATRICK PAULEY**, in his individual and official capacity;

**INSPECTOR FLAVIAN STEWART**, in his individual capacity;

**LORI GALLUP**, in her individual and official capacity;

**TOBASHA WILKS**, in her individual capacity;

**JENNIFER KLOUDA**, in her individual and official capacity,

*Defendants*.

**Case No.** 26-C 1958

**VERIFIED COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS & CONSTITUTIONAL TORTS UNDER 42 U.S.C. § 1983**

**DEMAND FOR JURY TRIAL**

---

## VERIFIED CIVIL RIGHTS COMPLAINT AND JURY DEMAND

---

AJ 15106290.1.6-186

NOW COMES the Plaintiff, Theresa Garner, appearing *Propriam Personam*, and as and for her Complaint against the City of Milwaukee and its individually named administrative officials, respectfully alleges and shows to the Court as follows:

## PRELIMINARY STATEMENT

1. This is an original civil rights action initiated under **42 U.S.C. § 1983** to remedy severe, ongoing deprivations of rights secured to the Plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution.
2. This action arises from a coordinated campaign of administrative retaliation, database manipulation, utility account hijacking, open records suppression, and warrantless physical intrusions directed at Plaintiff's private residential property located at 2509 N 18th Street, Milwaukee, WI 53206.
3. This municipal campaign was actively deployed to punish the Plaintiff for exercising her protected statutory and constitutional rights as a top-ranked, dual-appointed federal whistleblower, whose status and financial baseline were permanently hardlocked via an un-appealable **Trans-Agency Federal Default effective midnight on October 15, 2026, under 5 C.F.R. § 1201.43(b)**.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this controversy pursuant to **28 U.S.C. § 1331** and **28 U.S.C. § 1343(a)(3)-(4)**, as this action is initiated to protect constitutional rights and recover damages under **42 U.S.C. § 1983**.
5. Venue is proper in the Eastern District of Wisconsin pursuant to **28 U.S.C. § 1391(b)** because the Defendant municipal corporation is located within this district, the individual defendants executed their official duties within this district, and the real property asset that is the subject of this constitutional injury is located entirely within this district.

## PARTIES

6. Plaintiff Theresa Garner is an adult resident and the sole legal fee-simple owner of record of the real property located at 2509 N 18th Street, Milwaukee, WI 53206 (Parcel ID: 324-1024-100). Plaintiff is a highly decorated former federal employee with an immutable, protected Whistleblower Protection Act (WPA) status.
7. Defendant City of Milwaukee is a municipal corporation organized under the laws of the State of Wisconsin, operating a residential code enforcement

AJ 15106290.1.8-188

division through its Department of Neighborhood Services (DNS) and a municipal water utility through Milwaukee Water Works (MWW).

8. Defendant Commissioner Jezamil Arroyo-Vega is the executive administrative head of DNS and was at all times relevant acting under color of state law. She is sued in her individual and official capacities.

9. Defendant Superintendent Patrick Pauley is the primary operational director of MWW and was at all times relevant acting under color of state law. He is sued in his individual and official capacities.

10. Defendant Inspector Flavian Stewart is a residential field building inspector for DNS and was at all times relevant acting under color of state law. He is sued in his individual capacity.

11. Defendant Lori Gallup is a Residential Inspection Division Lead for DNS and was at all times relevant acting under color of state law. She is sued in her individual and official capacities.

12. Defendant Tobasha Wilks is an administrative clerk for DNS and was at all times relevant acting under color of state law. She is sued in her individual capacity.

13. Defendant Jennifer Klouda is the Building Codes Court Manager and Executive Lead for the Legal Court Division of the Department of Neighborhood Services (DNS). At all times relevant, she was acting under

color of state law and possessed direct, non-discretionary ministerial authority over the municipal legal tracking databases. She is sued in her individual capacity for punitive damages and in her official capacity for injunctive relief.

---

## STATEMENT OF FACTUAL ALLEGATIONS

OCTOBER 15, 2026 UN-APPEALABLE FEDERAL DEFAULT

MSPB Docket No. CH-844E-24-0368-B-1 (Eff. October 15, 2026)

▼ **[Establishes Whistleblower Hardlock]**

**RES JUDICATA & THE BINDING "LAW OF THE CASE"**

Locks in High-3 Pension Baseline & $3,943,828.22 Master Equation.

▼ [Triggers Coordinated Retaliation]

**CONJOINED PROPERTY-LEVEL CONSTITUTIONAL TORTS**

- 14th Am. Database Trapping: Defendant Klouda & MWW Ledger Blockades
- 4th Am. Interior Entry: Certified eyewitness proof of inside damage
- Coordinated Physical Havoc: Swatting door breaches & DPW Excavation

## 1. THE OPERATIONAL HARDLOCK of PLAINTIFF'S WHISTLEBLOWER STATUS

Plaintiff incorporates by reference all facts established under her parallel federal and administrative dockets. On April 28, 2026, the supreme Full Board terminal of the U.S. Merit Systems Protection Board (MSPB) issued its definitive Remand Order under Docket No. **CH-844E-24-0368-I-1**, ruling that the federal government committed an absolute "abdication of its statutory role" by executing a records blockade and maintaining a fraudulent, parallel "FICA-only" database tracking system against Plaintiff following her protected whistleblower disclosures.

At midnight on October 15, 2026, the federal government officially committed a terminal, un-appealable procedural default under **MSPB Docket No. CH-844E-24-0368-B-1**. Pursuant to **5 C.F.R. § 1201.43(b)**, this default functions

AJ 15106290.1.11-188

as a binding administrative confession, permanently hardlocking Plaintiff's status as a protected whistleblower and securing her master financial award equations. Under the Doctrines of *Res Judicata* and the *Law of the Case*, these findings bind all downstream **municipal** sub-agencies.

## 2. THE OMITTED "NEW OWNER RESET" AND DEFENDANT KLOUDA'S DATABASE TRAPPING

Plaintiff holds clear title to the real property located at 2509 N 18th Street via a recorded Quit Claim Deed. Plaintiff has maintained **uninterrupted financial stewardship over this asset, continuously paying the utility billings and property taxes for this exact parcel from 2019 to the present day**. This information successfully integrated into the municipal data networks on September 16, 2026.

Under fundamental municipal code regulations and the **Milwaukee Code of Ordinances (MCO) § 200-51.7**, an immediate transfer of ownership mandates a total **"Legacy Reset"**. The building codes legal system requires that all outstanding orders issued against a previous owner (DNS File No. **ORD-26-09331**, originally issued **6/30/2026**) be fully dismissed from the live system, and fresh, clean orders be tailored and issued directly to the current owner to unlock a mandatory 90-day grace period to cure.

AJ 15106290.1.12-188

Defendant Building Codes Court Manager Jennifer Klouda was explicitly and repeatedly contacted via fax, process service, and electronic mail to execute this database reset. Defendant Klouda explicitly confirmed that her office was responsible for dismissing the legacy code violation parameters and updating the ledger.

Instead, Defendant Klouda deliberately failed and refused to execute this ministerial duty. Operating in coordination with DNS executive leadership and Defendant Lori Gallup, Defendant Klouda left the old owner's expired, obsolete tracking profile live on the Accela Citizen Access database to construct a fraudulent, artificial default state. Defendant Klouda intentionally used this clerical bottleneck as a "procedural trap" to block Plaintiff's legal standing, ignore operational stays, and allow downstream field inspectors to continue executing physical trespasses, warrantless entries, and levying pretextual fines against the property.

## 3. THE UNLAWFUL UTILITY ACCOUNT HIJACKING AND "PROCEDURAL TRAPPING"

To prevent Plaintiff from accessing her records or clearing her property's status, Defendant Superintendent Patrick Pauley and MWW management executed an unlawful database manipulation. Defendants completely expunged Plaintiff's name

AJ 15106290.1.13-188

from the legally registered utility account registry for MWW Account No. **2470893300**, replacing her identity with the anonymous title **"OCCUPANT."**

This maneuver intentionally blocked Plaintiff's access to her online portal, prevented the proper application of standard financial payments, and stripped her of vital administrative notice paths. This "procedural trap" was engineered to prevent Plaintiff from standardly paying her billing accounts, creating a fraudulent, artificial pretext of low usage to declare the home "abandoned". When Plaintiff attempted to set up corrections, the City's legal division actively threatened her to maintain the database block.

## 4. CERTIFIED EYEWITNESS VERIFICATION Of UNLAWFUL ENTRY AND INTERIOR DESTRUCTION

Plaintiff left her residential structure fully locked, secure, and unauthorized for public entry. During her absence, and without an administrative inspection warrant based on probable cause under **Wis. Stat. § 66.0119**, City agents executed an unpermitted, warrantless intrusion into the interior of the home.

This unlawful entry, occupation, and subsequent destruction were directly caught, witnessed, and recorded by the professional trade contractor hired by the property owner. The licensed contractor's formal, signed report explicitly states that City

AJ 15106290.1.14-188

officials illegally entered the private spaces, and **personally caught the City of Milwaukee inside the house.**

The contractor permanently documented that the City's agents present and discovered actively **ripped out and destroyed newly installed internal structural water barriers and punctured interior plumbing lines**, which had already been verified as fully disengaged by Plaintiff and the Public Service Commission (PSC). Furthermore, City officials, acting completely outside their lawful authority, granted unauthorized access to an uncontracted third-party trade contractor to take interior photographs of the private residential areas.

To cover this destructive raid, Defendant Patrick Pauley disconnected the water utility supply at the curb, falsely claiming the home lacked an operating heat source when, in truth, the property contains a fully operational radiant heating system.

**5. Coordinated Physical Destruction: Swatting and Deceptive Excavation Permits**

The City's physical harassment was executed through a conjoined, simultaneous campaign of property damage designed to destroy Plaintiff's security infrastructure and site utility access:

- **The CCTV Swatting Raid:** City agents facilitated or allowed a series of **four separate criminal "swatting" events** targeting the property. During these raids, operators aggressively broke down the primary entry doors, windows, taking the neighbors vehicle, investigating the security videos by breaking the door, shattered door frames, and tore through security apparatuses under the pretext of investigating the home's operational CCTV surveillance camera networks. These surveillance cameras captured the swatting door breaches as operators actively sought to dismantle the digital security infrastructure tracking their movements.
- **The Streetlight Excavation Permit Ditch:** Simultaneously with the swatting door breaches and the structural destruction inside, the City Department of Public Works issued a deceptive and fraudulent utility permit for a ***"STREETLIGHT POLE FOUNDATION INSTALLATION"*** (Work Order No. **SOF 20105** / Record **PWEU-25-00431**). This permit was weaponized to execute an unauthorized, six-part gas line removal and leave an open ditch on the property while the house was actively being renovated. The severance of the primary natural gas lines feeding Plaintiff's furnace during freezing weather stripped the property of its heat, causing inside plumbing lines

to freeze and burst, manufacturing catastrophic water destruction, electrical code inversions, and toxic mold growth requiring full-scope remediation.

**6. Total Factual Cure of the 16 Housing Orders**

Despite severe environmental blocks and on-site criminal interference, Plaintiff successfully executed a **100% compliance cure of all 16 physical property defects identified under DNS File No. ORD-26-09331**. Every single code item has been completely remediated to the highest trade standards.

Defendant Inspector Flavian Stewart noted in his field notes on Form #122 that he had actual, first-hand verification of active trade labor on-site (*"Spoke w/ contractor who is about to do a plumbing job"*), explicitly identifying that the Plaintiff's hired workforce was on-site fixing the precise structural damages caused by the fraudulent streetlight permit.

Yet, on October 2, 2026, Inspector Stewart bypassed the mandatory reset, entered the curtilage without a warrant, took unauthorized enforcement photographs, and assessed **$254.00 in pretextual non-compliance fees** during an active administrative stay under **MCO § 200-17-3-h**.

**7. Suppression of Public Records and Persistent Mail Interception**

AJ 15106290.1.17-188

Pursuant to the Wisconsin Open Records Law, **Wis. Stat. §§ 19.31–19.39**, Plaintiff served multiple formal disclosure demands seeking production of the enforcement photographs, drilling metadata, and account modification logs. Defendants have completely blown past these statutory windows for over six months, withholding public records to block judicial review.

Furthermore, Plaintiff's on-site CCTV surveillance cameras have captured a persistent pattern of municipal agents entering the property grounds to rifle through, intercept, and tamper with her protected whistleblower mail, property and USPS legal correspondence.

**8. Malicious Intent, Callous Indifference, and Targeted Multi-Officer Harassment**

Plaintiff alleges that the actions of Defendants Commissioner Jezamil Arroyo-Vega, Superintendent Patrick Pauley, Inspector Flavian Stewart, Lori Gallup, Tobasha Wilks, and Jennifer Klouda were not the result of ordinary administrative oversight, clerical backlogs, or simple municipal negligence. Rather, the individual Defendants acted in malicious coordination, demonstrating a reckless, callous, and intentional indifference to Plaintiff's clearly established constitutional rights under the ***Fourth and Fourteenth Amendments.***

AJ 15106290.1.18-188

The Defendants had actual and constructive knowledge of the recorded deed transfer served upon them on August 31, 2026. Despite explicit warnings delivered via process servers, faxes, and electronic mail, the Defendants doubled down on their unlawful tracking tracks. They maintained an obsolete owner tracking file to block Plaintiff's legal standing, hijacked her utility statements to label her an anonymous "OCCUPANT," cut off her water supply at the curb, and intentionally ignored proof of 100% cure of all 16 housing orders.

Furthermore, Defendants actively facilitated a fraudulent public works permit to destroy her home's gas lines and permitted field staff to physically trespass on her curtilage to intercept and rifle through her protected whistleblower mail. This aggressive, coordinated course of conduct was deployed with an evil motive to force a property default, cause extreme financial and emotional distress, and escape judicial review, satisfying the federal standards for individual punitive recovery under ***Smith v. Wade*, 461 U.S. 30 (1983)**.

---

## FIRST CAUSE OF ACTION

**VIOLATION OF THE FOURTEENTH AMENDMENT — DEPRIVATION OF PROCEDURAL DUE PROCESS**

*(42 U.S.C. § 1983 against the City of Milwaukee, Arroyo-Vega, Gallup, and Wilks)*

14.Plaintiff incorporates paragraphs 1 through 13 as if fully set forth herein.

15.Property owners possess a constitutionally protected property interest in their real estate assets and municipal utility accounts, guaranteeing them fair notice and an orderly administrative review under the Fourteenth Amendment.

16. By deliberately skipping the mandatory owner reset required under **MCO § 200-51.7**, weaponizing an *ultra vires* clerical rejection to block an appeal, expunging Plaintiff's name from MWW Account No. 2470893300 to substitute the label "OCCUPANT," and blocking online payment tracking access, Defendants actively engineered a "procedural trap" to deny Plaintiff her statutory right to notice and an opportunity to be heard.

17.These actions were executed with full knowledge of the recorded deed change and represent an arbitrary, oppressive, and unconstitutional exercise of municipal authority designed to force Plaintiff's property into default and default her legal standing.

**<u>SECOND CAUSE OF ACTION</u>**

## VIOLATION OF THE FOURTEENTH AMENDMENT — ARBITRARY RECORD MANIPULATION

*(42 U.S.C. § 1983 against Defendant Jennifer Klouda)*

18. Plaintiff incorporates paragraphs 1 through 17 as if fully set forth herein.

19. Property owners possess a clearly established constitutional right under the Fourteenth Amendment to be free from arbitrary, oppressive, and deceptive manipulation of public records designed by municipal administrators to default their real property interests.

20. Defendant Jennifer Klouda, acting in her individual capacity as Building Codes Court Manager, possessed actual and constructive knowledge that title had transferred to Plaintiff, and explicitly acknowledged her duty to reset the code violation parameters under DNS File No. ORD-26-09331.

21. By intentionally withholding updates, leaving obsolete legacy records active against an incorrect owner track, and weaponizing a clerical delay to bypass Plaintiff's statutory 90-day grace period, Defendant Klouda directly participated in an unconstitutional "procedural trap" to strip Plaintiff of her standing and notice protections.

22. Defendant Klouda executed this database block with callous and reckless indifference to the Plaintiff's federally protected civil rights, directly

resulting in extensive property damage, illegal utility disconnections, and $254.00 in punitive, pretextual fines.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE FOURTH AMENDMENT — UNREASONABLE SEARCH AND SEIZURE

*(42 U.S.C. § 1983 against the City of Milwaukee and Inspector Flavian Stewart)*

23.Plaintiff incorporates paragraphs 1 through 22 as if fully set forth herein.

24.Citizens possess a clearly established right under the Fourth Amendment to be secure in their persons, houses, papers, and effects against unreasonable, warrantless searches and physical invasions.

25. By executing an unpermitted, warrantless entry into the property interior of Plaintiff's residential home, the City responsible for allowing entry that destroyed nternal structural water barriers, puncturing interior plumbing lines, and granting access to an uncontracted third-party professional to photograph her private residential spaces without an administrative warrant under **Wis. Stat. § 66.0119**, Defendants committed a severe constitutional tort.

26. Defendant Flavian Stewart further violated the Fourth Amendment by entering the private curtilage of the property on October 2, 2026, without a warrant or consent, to take enforcement photographs and levy punitive fines during an operational administrative stay under **MCO § 200-17-3-h**.

## FOURTH CAUSE OF ACTION

## MUNICIPAL LIABILITY FOR CONTINUING RETALIATION AND PROPERTY INTERFERENCE

*(Monell Claim against the City of Milwaukee)*

27. Plaintiff incorporates paragraphs 1 through 26 as if fully set forth herein.

28. Pursuant to *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), a municipality is liable under § 1983 when the execution of its official policy, widespread custom, or administrative practice inflicts a constitutional injury.

29. The City of Milwaukee, through its executive leadership at DNS and MWW, has maintained a widespread custom of "***skip-owner***" enforcement looping and record manipulation. The City actively utilized its automated data metrics and billing infrastructure to run a rogue enforcement track behind

AJ 15106290.1.23-188

the back of the circuit court, blacklisting Plaintiff's phone lines and suppressing Open Records disclosures to bypass due process protections.

30. The City further sanctioned direct property interference by issuing a fraudulent public works "STREETLIGHT FOUNDATION PERMIT" (Work Order No. **SOF 20105**) to destroy Plaintiff's natural gas lines, engineering an infrastructure failure to force a property default while Plaintiff was navigating protected parallel federal whistleblower tracks. **See** Ex. Appendix

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Theresa Garner respectfully requests that this Court enter judgment in her favor and against the Defendants, granting the following relief:

1. **Actual Compensatory Damages:** Awarding Plaintiff **$134,641.57** against the City of Milwaukee to provide full financial restitution for the physical property damage, broken entry doors, punctured plumbing lines, and full-scope toxic mold remediation caused by the fraudulent streetlight permit gas line severance.
2. **Constitutional and Records Damages:** Awarding Plaintiff **$275,000.00** against the City of Milwaukee for the intentional removal of her name from

AJ 15106290.1.24-188

the public utility ledger, the database blockade on her profile, the bad-faith suppression of public records, and the continuous interception of her whistleblower mail caught on CCTV.

3. **Exemplary Punitive Damages:** Awarding Plaintiff **$3,500,000.00** in punitive damages under ***Smith v. Wade*, 461 U.S. 30 (1983)**—calculated as an individualized **$500,000.00 individual capacity judgment against each of the seven named individual administrative actors** (Jezamil Arroyo-Vega, Patrick Pauley, Flavian Stewart, Lori Gallup, Tobasha Wilks, Jennifer Klouda, and the municipal supervisors acting in their personal capacities)—to punish this bad-faith campaign of targeted harassment and permanently deter future administrative civil rights deprivations.
4. **Permanent Injunctive Relief:** Issuing a permanent injunction commanding the City of Milwaukee to immediately restore Theresa Garner's name as the primary account holder on MWW Account No. 2470893300, turn the water utility valve ON at the curb, and completely close out DNS File No. ORD-26-09331 as "Closed / Complied".
5. **Fees and Costs:** Awarding Plaintiff full recovery of her litigation costs, filing

fees, and reasonable attorney fees pursuant to **42 U.S.C. § 1988**.

AJ 15106290.1.25-183

## VERIFICATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that I am the Plaintiff appearing Propriam Personam in the above-captioned civil rights action, that I have read the foregoing Verified Complaint for Deprivation of Civil Rights & Constitutional Torts under 42 U.S.C. § 1983, and that the factual allegations, database timeline, structural property damages, and contractor discoveries detailed therein are true, correct, and accurate to the best of my personal knowledge, information, and belief.

Executed on this 19th day of October, 2026.

Respectfully submitted,

______________________________

By: /s/ Theresa Garner
Theresa Garner, Plaintiff *Propriam Personam*
11000 W McNichols Rd Ste 323-1657
Detroit, MI 48221
Email: stystylish99@gmail.com